IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDDY JAMES HOWARD, §<br>#01859038, §<br>  PETITIONER, §<br> §<br>v. §<br> §<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>  RESPONDENT. § | CIVIL CASE NO. 3:18-CV-2629-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Eddy James Howard's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I.     BACKGROUND**

In 2013, a jury found Howard guilty of aggravated assault with a deadly weapon and assessed punishment at 45 years' imprisonment. *Howard v. State*, No. F47059 (413th Dist. Ct., Johnson Cty., Tex., June 6, 2013), *aff'd*, No. 10-13-00240-CR, 2014 WL 1882761 (Tex. App.—Waco May 8, 2014, no pet.). He unsuccessfully sought state habeas relief. *Ex parte Howard*, No. WR-85,646-01 (Tex. Crim. App. September 7, 2016) (dismissed as non-compliant); *Ex parte Howard*, No. WR-85,646-02 (Tex. Crim. App. October 19, 2016) (denied relief); *Ex parte*

*Howard*, No. WR-85,646-03 (Tex. Crim. App. May 12, 2017) (returned to district clerk); *Ex parte Howard*, No. WR-85,646-04 (Tex. Crim. App. August 29, 2018) (dismissed as successive).[1] On October 3, 2018, Howard filed the instant *pro se* federal habeas petition, challenging his conviction. Doc. 3 at 4-10. As his federal petition appeared untimely, the Court directed Howard to respond regarding the application of the one-year limitations period, which he has now done. Doc. 8 (*Petitioner's Written Response*). Having now reviewed all of the applicable pleadings and law, the Court concludes that Howard's petition was filed outside the one-year limitations period and, because no exception applies, should be dismissed as time barred.[2]

## II.   ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Howard does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition,

---

[1] The state habeas docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-85,646-01&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-85,646-02&coa=coscca, http://search.txcourts.gov/Case.aspx?cn=WR-85,646-03&coa=coscca, and http://search.txcourts.gov/Case.aspx?cn=WR-85,646-04&coa=coscca (last accessed Mar. 27, 2019).

[2] The dates listed herein were verified through information available on the state court web pages and the electronic state habeas record obtained through the Texas Court of Criminal Appeals.

counted from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Howard did not file a petition for discretionary review (PDR), his conviction became final on June 7, 2014—30 days after the state court of appeals affirmed his judgment of conviction on May 8, 2014. *See* Tex. R. App. Proc. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals). The limitations period expired one year later, on Sunday, June 7, 2015 (extended to Monday June 8, 2015). *See* FED. R. CIV. P. 6(a).

Because Howard did not file his first state application until August 10, 2016, more than 14 months months after the limitations period expired, and his other state applications post-dated that initial filing, he is not entitled to statutory tolling.[3] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the petition *sub judice*, deemed filed on September 27, 2018, is clearly outside the one-year limitations period, absent equitable tolling.[4]

---

[3] The first state application is deemed filed on August 10, 2016, the date on which Howard indicated it was signed and, therefore, likely was handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). That a prison writ writer filed the initial application without Howard's knowledge does not in-and-of-itself alter the application of the mailbox rule. Doc. 3 at 16; *cf. Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018), *cert. denied*, 2019 WL 659941 (2019) (concluding prison writ writer can resort to "next friend" device to sign a Rule 59(e) motion).

[4] The Court deems the federal petition filed on September 27, 2018, the date Petitioner certified placing it in the prison mail system. Doc. 3 at 17; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing the "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

### B. Equitable Tolling and Mental Illness

Howard's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Howard pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period, waiting more than 14 months from the date his conviction became final to file his first state habeas application. Moreover, Howard's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Howard implies that he has suffered from mental health issues throughout his life. He avers that (1) "new evidence demonstrates that [he] was incompetent to stand trial," (2) his "first [state habeas] application was filed by a prison writ writer without his knowledge . . . or consent," and (3) he was "heavily medicated until this past year" with psychotropic medications.

Doc. 3 at 16. But Howard does not expound on his assertions in *Petitioner's Written Response*. Doc. 8. While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (per curiam). Moreover, unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id.* The mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (per curiam) (affirming refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period that lasted over one year).

Here, as in *Smith*, Howard has proffered nothing to demonstrate that, during the one-year period, he suffered from a mental illness that prevented him from pursing his legal rights. Even assuming Howard suffered from a mental health condition during the one-year period, there is nothing in the record, apart from his self-serving assertions, to suggest that his condition rendered him unable to pursue his legal rights, namely, timely filing his Section 2254 petition. *See Crawford v. Davis*, No. 3:18-CV-1486-B-BK, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018), R. & R. accepted, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019) (collecting cases declining equitable tolling because the petitioner's vague, unsupported, self-serving, allegations were insufficient to show his mental health issues prevented him from seeking habeas relief during the one-year period).

Consequently, Howard has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### C. Actual Innocence and Fundamental Miscarriage of Justice

Howard also asserts a claim of actual innocence and suggests that the fundamental miscarriage of justice exception applies. Doc. 3 at 16; Doc. 8 at 2-3. Again, his bare assertions are unavailing. Insofar as Petitioner relies on miscarriage of justice principles as a stand-alone exception to the one-year limitations period—independent of his actual innocence claim—his assertion fails. As confirmed in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), "the fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 76–77 (3d Cir. 2017) (addressing exception in context of time barred habeas petition). *Perkins* held that "a credible showing of actual innocence" not only satisfies the fundamental miscarriage of justice exception for state procedural default issues but also justifies an equitable exception to section 2244(d)'s limitations period. 569 U.S. at 391, 397. *See also United States v. Williams*, 790 F.3d 1059, 1075-76 (10th Cir. 2015) ("Historically, the common law miscarriage of justice exception (also referred to as the actual innocence exception) allowed a petitioner to overcome certain procedural bars to postconviction relief if a petitioner could show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'") (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).

That notwithstanding, Howard also fails to present a credible claim of actual innocence. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the

threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

As indicated previously, Howard's actual innocence claim is conclusory. He alleges neither specific facts nor newly discovered evidence that would undermine this Court's confidence in the jury's guilty verdict. Doc. 3 at 16; Doc. 8 at 2-3. *See Perkins*, 569 U.S. at 386 (noting that to present a credible claim a petitioner must produce new evidence that is sufficient to persuade the court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" (quoting *Schlup*, 513 U.S. at 329)). Instead, Howard purports to challenge only the sufficiency of the evidence and the trial court's failure to instruct the jury on the lesser included offenses of intoxication assault and reckless driving, just as he asserted in his fourth state habeas application. Doc. 3 at 5-8. Even when liberally construed, however, Howard's arguments are not supported by new reliable evidence that was not presented at trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"), *pet. for cert filed*, No. 18-940 (Jan. 18, 2019). Consequently, Howard's conclusory assertion that he is innocent does not come close to satisfying the rigorous *Schlup* standard. *See Cannon v. McCain*, 2017 WL 4570498, at *1 (5th Cir. July 6, 2017) (denying certificate of appealability because actual innocence claim was conclusory and not supported by new, reliable evidence). Thus, his actual innocence claim fails.

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on April 4, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).