IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EDDY JAMES HOWARD, #01859038,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:18-CV-2629-L** |
| § | |
| **LORIE DAVIS, Director, Texas** § | |
| **Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9) was entered on April 4, 2019, recommending that the court deny Petitioner's habeas petition (Doc. 3) as supplemented by his Written Response (Doc. 8) and dismiss with prejudice this action as time-barred and not equitably tolled. The Report indicates that Petitioner's conviction became final June 7, 2014, and the one-year limitations period expired June 8, 2015. Regarding tolling, the Report indicates that, while Petitioner implies that he has suffered from mental health issues throughout his life, was incompetent to stand trial, and was heavily medicated until recently, he did not expound on these assertions. The Report further explains that unsupported conclusory assertions of mental illness are not sufficient to support equitable tolling.

Petitioner filed objections (Doc. 12) to the Report, which were docketed on May 24, 2019. In his objections, Petitioner takes issue with the legal authority referenced in the Report. In addition, he maintains that he was taking "antipsychotropic medication from the time of his arrest and trial up to May of 2016, when [his] medication was reduced which allowed [him] to comprehend . . . function, communicate and understand his . . . circumstances." Obj. 2. Petitioner further asserts

Order – Page 1

that such medication "had serious side effects that substantially interfered with and compromised [his] ability to concentrate and to reason well." *Id.* Petitioner contends that, at the time of his arrest, he was taking a number of medications and requests the court to order Respondent to supplement the record in this case with a copy of his jail medical records. Petitioner's objections are not verified. He, instead, relies on the affidavit of another prisoner who states that: (1) he has known Petitioner since November 16, 2019; and (2) Petitioner was taking "psychotropic medication" from May 25, 2012, to approximately May 2016. Obj. 8. In addition, Petitioner also attached a copy of a pharmacy record, which shows that he was prescribed a number of medications between October 2010 and March 2012. Petitioner also asks the court to take judicial notice of expert testimony in *Bigby v. Dretke*, 402 F.3d 551 (5th Cir. 2005), to show that chronic paranoid schizophrenia is one of the most serious forms of mental illness that impairs a person's interpersonal relationships and causes persons suffering from the illness to misperceive what is going on around them. Obj. 3.[1]

Petitioner's arguments and evidence are insufficient to entitle him to tolling. He asks the court to take judicial notice that chronic paranoid schizophrenia is a serious mental illness that alters a person's perception, but nothing in the record indicates that Petitioner has ever been diagnosed with this illness or that he was unable to pursue his legal rights in timely filing his habeas petition as a result. Report 5 (citing *Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam)). Petitioner also asks the court to find that he was taking various medications during the one-year limitations period. His evidence of pharmacy records, however, precedes this period; and the affidavit relied upon is not made on personal knowledge, as the prisoner who provided the affidavit

---

[1] Petitioner also submitted copies of news articles discussing his criminal offense and what appears to be a letter he wrote to the magistrate judge. When the letter was written is unclear. Also unclear are Petitioner's reasons for submitting these materials. Regardless, they do not affect the court's determination that Petitioner's contentions and evidence are insufficient to establish his entitlement to equitable tolling.

**Order – Page 2**

acknowledges that he did not know Petitioner during the time period in question. Moreover, even if Petitioner's medical records could support his assertion that he was taking certain medications during the one-year limitations period, such evidence, without more, does not establish that this prevented him from filing his habeas petition within the one-year limitations period.

Accordingly, having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct; **accepts** them as those of the court; **overrules** Petitioner's objections; **denies** his habeas petition as supplemented (Docs. 3, 8); and **dismisses with prejudice** this action as barred by the one-year statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (**b**)     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 29th day of May, 2019.

Sam A. Lindsay
United States District Judge